Simeone v City of New York (2026 NY Slip Op 00482)

Simeone v City of New York

2026 NY Slip Op 00482

Decided on February 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 03, 2026

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Index No. 154763/16, 595804/22|Appeal No. 5724|Case No. 2024-05714|

[*1]Gail Simeone, Plaintiff-Respondent,
vThe City of New York, Defendant, 678 Ninth Avenue Associates, LLC, et al., Defendants-Respondents.

678 Ninth Avenue Associates, LLC, et al., Third-Party Plaintiffs-Respondents,
vDesigner Fragrances and Cosmetics Company Doing Business as Kiehl's, Third-Party Defendant-Appellant.

Haworth Barber & Gerstman, LLC, New York (Paul Golden of counsel), for appellant.
Kahana Feld LLP, New York (John F. Watkins of counsel), for 678 Ninth Avenue Associates, LLC and Dalan Management Associates, Inc., respondents.

Order, Supreme Court, New York County (Jeanine R. Johnson, J.), entered August 1, 2024, which, to the extent appealed from as limited by the briefs, denied the motion of third-party defendant Designer Fragrances and Cosmetics Company, doing business as Kiehl's, for summary judgment dismissing the third-party complaint and for summary judgment on Kiehl's common-law indemnification counterclaim, unanimously affirmed, without costs.
Supreme Court correctly denied Kiehl's motion for summary judgment dismissing the contractual indemnification claim. Administrative Code of the City of New York § 7-210 placed the obligation on the owner defendants to keep the sidewalk in good repair. However, the lease agreement broadly requires Kiehl's to indemnify defendants from "all liabilities, suits, obligations, fines, damages, . . .asserted against Landlord by reason of. . . Any Tenants' use, non-use, possession, occupation. . . condition. . . of the demised premises occurring during the term of this Lease. . . of the demised premises or any part thereof, or of any sidewalk. . . or space comprising a part of the building or demised premises or adjacent thereto." The indemnification clause does not violate General Obligations Law § 5-321 because it does not purport to indemnify the owners for liability for their own negligence (see Mahon v David Ellis Real Estate, L.P., 165 AD3d 600, 601 [1st Dept 2018]).
Supreme Court also correctly denied Kiehl's motion as to the common-law indemnification claim and counterclaim. Kiehl's did not meet its prima facie burden of establishing that it did not create the alleged sidewalk defect (cf. Diop v Getty Sq. Realty LLC, 199 AD3d 410, 410 [1st Dept 2021]).
Kiehl's has withdrawn its appeal from the part of the order regarding defendants' breach of contract for failure to procure insurance claim.
We have considered Kiehl's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2026